1  KEVIN V. RYAN (CASBN 118321)
   United States Attorney
2
   EUMI L. CHOI (WVBN 07225)
3  Chief, Criminal Division

4  H. H. (SHASHI) KEWALRAMANI (TXSBN 796879)
   Assistant United States Attorney
5
    150 Almaden Blvd., Suite 900
6   San Jose, California 95113
    Telephone: (408) 535-50610
7   Facsimile: (408) 535-5066

8  Attorneys for Plaintiff

9                  UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                      SAN JOSE DIVISION

12  UNITED STATES OF AMERICA,          )
                                       )
13        Plaintiff,                   )   Case No. 05-70140 PVT
                                       )
14     v.                              )
                                       )   STIPULATED INTERIM
15  SHIN-GUO TSAI,                     )   PROTECTIVE ORDER
                                       )
16        Defendant.                   )
                                       )
17  _____)

18        WHEREAS during the course of discovery in the above-captioned criminal case, the

19  United States may produce documents containing information that is intended to be kept secret

20  and/or is "trade secret" information (within the meaning of 18 U.S.C. § 1839(3)) belonging to

21  Volterra Semiconductors, Inc. ("Volterra"); and

22        WHEREAS the United States and defendant Shin-Guo Tsai deem it appropriate to

23  provide for the protection of such information without agreeing that the specific information is in

24  fact intended to be kept secret or is a trade secret, and preserving defendant Shin-Guo Tsai's

25  right to challenge any such designation at a later time; and

26        WHEREAS defendant Shin-Guo Tsai's counsel has not yet selected an expert to

27  undertake the assignment of reviewing any confidential or trade secret information of Volterra

28

STIPULATED INTERIM
PROTECTIVE ORDER

1    but that the United States and defendant Shin-Guo Tsai wish to be able to begin the process of

2    defendant Shin-Guo Tsai's counsel becoming familiar with the specific information, the United

3    States and defendant Shin-Guo Tsai have agreed to the issuance of an interim protective order,

4    with the understanding that this Stipulated Interim Protective Order may be subsequently

5    modified in such a way as to provide for the disclosure of confidential and trade secret

6    information to defendant Shin-Guo Tsai's expert under such restricted circumstances as the

7    United States and defendant Shin-Guo Tsai may agree, or in the absence of such agreement that

8    the Court may order; accordingly,

9        IT IS HEREBY STIPULATED AND AGREED by and between the United States and

10   defendant Shin-Guo Tsai and their respective counsel, that the following definitions and

11   procedures will govern the designation and handling of material and other information produced

12   by the United States, while reserving the question of how such material and information should

13   be handled at trial, during pre- or post-trial hearings, and in connection with any expert retained

14   by defendant Shin-Guo Tsai's counsel in the above-captioned case for a future time.

15     1. Definitions:

16       a. "Confidential Material" shall mean information that is intended to be kept secret or is

17   a trade secret within the meaning of 18 U.S.C. § 1839(3).

18       b. "Discovery Material" shall mean all materials disclosed by the United States during

19   discovery in this case (regardless of whether the criminal number assigned to this case changes

20   due to the filing of an indictment or superseding indictment).

21     2. The United States may designate Discovery Material as Confidential Material to the

22   extent that it believes in good faith that the information or material is or may be Confidential

23   Material as defined in paragraph 1(a) above.  Any labeling, segregation, or designation of

24   Discovery Material as "Confidential Material" should be made, whenever possible, in the case of

25   written, tangible, or documentary Discovery Material, at the time that Discovery Material is

26   produced or made known to defendant Shin-Guo Tsai by stamping each page

27   "CONFIDENTIAL" in a manner that is readily distinguishable from any pre-existing

28

STIPULATED INTERIM
PROTECTIVE ORDER

1  confidential designation or by otherwise manifesting the intention that the Discovery Material be

2  considered Confidential Material.  Computer memory storage materials such as diskettes, hard

3  drives, or other memory media containing Discovery Material deemed by the United States as

4  containing Confidential Material shall be labeled on the outside of the media as

5  "CONFIDENTIAL."

6      3.  Discovery Material designated as "CONFIDENTIAL" shall be retained by defendant

7  Shin-Guo Tsai's counsel in the above-captioned case and furnished, at this time, **to no one other**

8  **than** defendant Shin-Guo Tsai's counsel in the above-captioned case, defendant Shin-Guo Tsai,

9  the staff supporting Shin-Guo Tsai's counsel in the above-captioned case (no more than ten

10  persons) such as paralegal assistants, secretarial, stenographic, and clerical employees who are

11  working on this case under the direction of defendant Shin-Guo Tsai's counsel and to whom it is

12  necessary that the materials be disclosed for purposes of the defense of this case.  All such

13  material shall be kept in the offices of defendant Shin-Guo Tsai's counsel in the above-captioned

14  case and neither this material nor any copies of this material shall leave that office for any

15  purpose except submission in camera to the Court.  All such material shall be used **solely** for the

16  purpose of conducting pre-trial, trial, and appellate proceedings in this case and for no other

17  purpose whatsoever, and shall not be used for the economic benefit of defendant Shin-Guo Tsai

18  or for the benefit of any third party.  All motions which contain any of the material labeled

19  "CONFIDENTIAL" and which are filed with the Court shall be filed and kept under seal until

20  further order of the Court.  Confidential Material filed under seal shall be filed with the Clerk of

21  the Court in sealed envelopes prominently marked with the caption of this case and the notation:

22                  **"TO BE FILED UNDER SEAL"**
                Contains Confidential Material

23             To Be Opened Only As Directed By The Court

24      4.  Before any Confidential Material produced by the United States may be made available to

25  persons described in paragraph 3 other than defendant Shin-Guo Tsai and his counsel and staff

26  supporting Shin-Guo Tsai's counsel in the above-captioned case, counsel for defendant Shin-

27  Guo Tsai must provide written notice ("Notice of Intent to Disclose") at least seven business

28

STIPULATED INTERIM
PROTECTIVE ORDER

1    days in advance to counsel for the United States and to the designated representatives of Volterra

2    named in paragraph 10 of this Stipulated Interim Protective Order.  The United States and

3    Volterra may object to such disclosure, in writing, for good cause shown.  Once an objection is

4    made, defendant Shin-Guo Tsai shall have five business days to respond.  If no agreement is

5    reached by the United States, the objecting company or companies, and defendant Shin-Guo Tsai

6    within five additional business days, the United States and/or the company or companies

7    opposing the disclosure may apply to the Court for appropriate relief, with copies of such motion

8    being served on the United States, the company or companies opposing the disclosure, and

9    defendant Shin-Guo Tsai.  Once an objection has been made, no Confidential Material may be

10   disclosed to the individual unless and until the objection has been resolved or ruled upon by the

11   Court.

12       5.  The persons described in paragraph 3 shall not have access to Confidential Material until

13   they have certified that they have read, understand, and agree to the terms of this Stipulated

14   Interim Protective Order and have manifested their assent to be bound thereby, and to be subject

15   to the jurisdiction of the Court for the purpose of proceedings relating to the performance under,

16   compliance with, or violation of this Stipulated Interim Protective Order, by signing a copy of

17   the attached "Acknowledgment of Stipulated Protective Order in United States v. Shin-Guo Tsai,

18   Case No. 05-70140 PVT."  If the criminal number assigned to this case changes, the new

19   criminal number shall be used in place of the presently assigned case number.   Once a person

20   has executed an Acknowledgment, it shall not be necessary for that person to sign a separate

21   Acknowledgment each time that person is subsequently given access to Confidential Material.

22   Each signed acknowledgment shall be provided to the United States and a copy shall be

23   maintained by counsel for defendant Shin-Guo Tsai.

24       6. The recipient of any Confidential Material that is provided under this Stipulated Interim

25   Protective Order shall keep such information in a manner reasonably intended to preserve and

26   maintain the confidentiality of the information and shall not disclose such information to any

27   individuals except as authorized by this Stipulated Interim Protective Order.

28

STIPULATED INTERIM
PROTECTIVE ORDER

4

1      7.  At the conclusion of the above-captioned case, defendant Shin-Guo Tsai and his counsel

2  in the above-captioned case agree to the return of all Confidential Material to the United States

3  except as directed by the Court.

4      8.  Nothing herein shall prevent defendant Shin-Guo Tsai from using the Confidential

5  Material or from referring to or reciting from any information contained in such Confidential

6  Material in connection with pleadings or motions filed in this case, provided that such materials

7  be filed under seal and/or submitted to the Court for in camera inspection.  The use of

8  Confidential Material at trial or pre- or post-trial hearing will be resolved at or before the time of

9  the trial or hearing.

10      9.  Should defendant Shin-Guo Tsai dispute the propriety of any designation of Discovery

11  Material as Confidential Material, his counsel shall notify in writing the United States and the

12  designated representatives of Volterra named in paragraph 10 of this Stipulated Interim

13  Protective Order.  Such notice shall state counsel's position with regard to the matter in issue.

14  Within seven business days from receiving the notice, the United States shall – and Volterra

15  may – respond to the notice in writing.  If, after this exchange of correspondence, defendant

16  Shin-Guo Tsai, the United States, and Volterra cannot resolve their dispute, they may apply to

17  the Court to do so.  During the pendency of the dispute and any court resolution thereof,

18  including an appeal of the Court's decision on such motion, the discovery material shall be

19  deemed "CONFIDENTIAL" as designated and shall be covered by the provisions of this

20  Stipulated Interim Protective Order.

21      10.  All notices to be provided to Volterra pursuant to this Stipulated Interim Protective

22  Order shall be sent, via facsimile and overnight mail to: David Lidsky, 3839 Spinnaker Court,

23  Fremont, California 94538, telephone (510) 743-1205, facsimile (510) 743-1600, who shall be

24  considered as one of the designated corporate representatives of Volterra.

25      11.  Nothing in this order shall preclude the United States, defendant Shin-Guo Tsai, or

26  Volterra from applying to the Court for further relief or modification.  It is also expressly

27  understood that a further request may be made for disclosure to an expert hired by defendant

28

STIPULATED INTERIM
PROTECTIVE ORDER

1   Shin-Guo Tsai in preparation for the trial of this case.

2       12.  Violation of this Stipulated Interim Protective Order may be punishable by contempt of

3   court, whatever other sanction the Court deems just, and/or any other sanctions which are legally

4   available.

5   DATED: May 24, 2005.                    KEVIN V. RYAN
                                            United States Attorney
6

7
                                            _____/s/_____
8                                           H. H. (SHASHI) KEWALRAMANI
                                            Assistant United States Attorney
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED INTERIM
PROTECTIVE ORDER

6

1   **AGREEMENT TO BE BOUND BY**

2   **STIPULATED INTERIM PROTECTIVE ORDER**

3        The undersigned, defendant Shin-Guo Tsai, and his counsel in the above-captioned case,

4   John D. Robertson, hereby acknowledge that they have received a copy of the Stipulated Interim

5   Protective Order in the above-captioned case, have read, understand, and agree to be bound by

6   all of the provisions thereof, and hereby submit to the jurisdiction of the United States District

7   Court for the Northern District of California for the purposes of enforcement of the terms of the

8   Stipulated Interim Protective Order and the punishment of any violations thereof.

9   DATED: May 20, 2005.

10                                         /s/

                              JOHN D. ROBERTSON

11                                Attorney for defendant Shin-Guo Tsai

12  DATED: May 20, 2005.

13                                         /s/

                              VIVIAN LU

14                                Attorney for defendant Shin-Guo Tsai

15  DATED: May 20, 2005.

16                                       /s/

                              SHIN-GUO TSAI

17                                Defendant

18  DATED: June 3, 2005

19  IT IS SO ORDERED.

20

21                          /s/ Patricia V. Trumbull

22                          UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

STIPULATED INTERIM
PROTECTIVE ORDER

7

1

2

3 **ACKNOWLEDGMENT OF STIPULATED PROTECTED ORDER**

4 **IN UNITED STATES v. SHIN-GUO TSAI, Case No. 05-70140 PVT**

   The undersigned hereby acknowledges that he or she has received a copy of the Stipulated

5 Interim Protective Order issued in United States v. Shin-Guo Tsai , Case No. 05-70140 PVT, has

6 read, understands, and agrees to the terms of the Stipulated Interim Protective Order, and hereby

7 submits to the jurisdiction of the United States District Court for the Northern District of

8 California for the purposes of enforcement of the terms of the Stipulated Interim Protective

9 Order and the punishment of any violations thereof.

10 DATED:

11

12

13

14 _____
   Signature

15

16 _____
   Street Address

17

18 _____
   City, State, and Zip Code

19

20 _____
   Area Code and Telephone Number

21

22

23

24

25

26

27

28
   STIPULATED INTERIM
   PROTECTIVE ORDER